W. Derek Shakabpa, *pro hac vice*
Email: wshakabpa@cftc.gov
David Acevedo, *pro hac vice*
Email: dacevedo@cftc.gov
Michael Berlowitz, *pro hac vice*
Email: mberlowitz@cftc.gov
Attorneys for Plaintiff
Commodity Futures Trading Commission
Lenel Hickson, Jr., Acting Regional Counsel
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
Telephone: (646) 746-9748
Facsimile: (646) 746-9940

KENT KAWAKAMI, CA Bar No. 149803
United States Attorney's Office, Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Email: Kent.Kawakami@usdoj.gov
Telephone: (213) 894-4858
Facsimile: (213) 894-2380

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

U.S. Commodity Futures Trading
Commission,

       Plaintiff,

    vs.

Gordon A. Driver, Axcess Automation
LLC, and Axcess Fund Management
LLC,

       Defendants.

Case No.: 09-cv-0578 ODW (RZx)

[proposed] ORDER OF
PRELIMINARY INJUNCTION AND
OTHER RELIEF AGAINST
GORDON A. DRIVER, AXCESS
AUTOMATION LLC, AND AXCESS
FUND MANAGEMENT LLC

1

1   Plaintiff, U.S. Commodity Futures Trading Commission (the
2   "Commission" or ("CFTC") has filed a Complaint against Defendants Gordon A.
3   Driver ("Driver"), Axcess Automation LLC ("AA") and Axcess Fund
4   Management LLC ("AFM") (collectively "Defendants") for Permanent Injunction,
5   Civil Penalties, and Other Equitable Relief, and moved for an *Ex Parte* Statutory
6   Restraining Order and Preliminary Injunction.  The Court issued a Statutory
7   Restraining Order ("SRO") on May 14, 2009.  Defendants were served with the
8   Summons and Complaint and the Court's SRO.  As it appears to the Court that
9   there is good cause to believe that Defendants have engaged, are engaging in, or
10  are about to engage in violations of the Commodity Exchange Act, as amended
11  ("Act") 7 U.S.C. §§ 1 *et. seq.* (2006), and that this is a proper case for granting a
12  preliminary injunction to preserve the *status quo*, protect customers from further
13  loss and damage, and enable the CFTC to fulfill its statutory duties, the Court
14  enters this Order of Preliminary Injunction and Other Relief Against Gordon A.
15  Driver, Axcess Automation LLC, and Axcess Management LLC ("Order") as
16  follows:

## DEFINITIONS

### For purposes of this order the following definitions apply:

19  1.    "Assets" means any legal or equitable interest in, right to, or claim to,
20  any real personal property, including but not limited to chattels, goods,
21  instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or
22  otherwise deliveries, inventory, checks, notes, accounts, credits, receivables, lines
23  of credit, contracts, insurance policies, and all cash, wherever located.

24  2.    The term "document" is synonymous in meaning and equal to in scope
25  to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but
26  is not limited to, writings, drawings, graphs, charts, photographs, audio and video
27  recordings, computer records, and other data compilations from which information

28

1    can be obtained and translated, if necessary, through detection devices into

2    reasonably usable form. A draft or non-identical copy is a separate document

3    within the meaning of the term.

4        3.    The term "Defendants" refers to Gordon A. Driver, Axcess

5    Automation LLC and Axcess Fund Management LLC, and any person insofar as

6    he or she is acting in the capacity of an officer, agent, servant, employee, or

7    attorney of any of the Defendants, and any person who receives actual notice of

8    this Order by personal service or otherwise insofar as he or she is acting in concert

9    or participation with any of the Defendants.

10                        **I.**

11                ***Jurisdiction and Venue***

12    **IT IS HEREBY ORDERED THAT:**

13        4.    This Court has jurisdiction over this action pursuant to Section 6c(a)

14    of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive

15    relief against any person whenever it shall appear to the Commission that such

16    person has engaged, is engaging, or is about to engage in any act or practice

17    constituting a violation of the Act or any rule, regulation, or order thereunder.

18        5.    Venue properly lies with this Court pursuant to Section 6c(e) of the

19    Act, 7 U.S.C. § 13a-1(e), in that Defendants transact business in this District, and

20    acts and practices in violation of the Act have occurred, are occurring, or are about

21    to occur within this District.

22                        **II.**

23            ***Prohibitions From Violating the Act***

24        6.    Defendants, except as otherwise ordered by this Court, are restrained

25    and preliminarily enjoined from directly or indirectly:

26                A. in or in connection with any order to make, or the making of,

27                    any contract of sale of any commodity in interstate commerce or

28                    for future delivery that is made, or to be made, on or subject to

the rules of a designated contract market, for or on behalf of any other person – (A) cheating or defrauding or attempting to cheat or defraud the other person; (B) willfully making or causing to be made to other persons any false reports or statements or willfully entering or causing to be entered for the other person any false record; or (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person in violation of Sections 4b(a)(1)(A)- (C) of the Act as amended by the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008) to be codified at 7 U.S.C. §§ 6b (a)(1)(A) and (C);

B. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means of instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

C. Commingling the property of any pool that they operate or that they intend to operate with the property of any other person, in violation of CFTC Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2008); and

D. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. §

1a(4), ("commodity interest"), including but not limited to the following:

    i.  Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

    ii.  Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    iii.  Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

    iv.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

    v.  Entering into any commodity interest transactions for their own personal accounts, for any account in which they have a direct or indirect interest and/or having any commodity interests traded on their behalf; and/or

1          vi. Engaging in any business activities related to commodity
2               interest trading.
3      7.    Defendants Driver and Axcess Automation, except as otherwise
4  ordered by this Court, are restrained and preliminarily enjoined from directly or
5  indirectly, while acting as an unregistered Commodity Pool Operator ("CPO") as
6  defined by Section 1a(5) of the Act, 7 U.S.C. § 1a(5), using the mails or any means
7  or instrumentalities of interstate commerce in connection with their business as a
8  CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

9      8.    Defendant Axcess Fund Management, except as otherwise ordered by
10 this Court, is restrained and preliminarily enjoined from directly or indirectly
11 failing, while acting as a CPO registered under the Act, or pursuant to Regulation
12 4.23 required to be registered, to maintain books and records required under the
13 Act and CFTC Regulations and failing to open to inspection and copying of such
14 books and records by any representative of the CFTC or U.S. Department of
15 Justice, or failing to furnish, upon request by the CFTC, the name and address of
16 each participant and copies of all reports, letters, circulars, memoranda,
17 publications, writings, or other literature or advice distributed to participants or
18 prospective participants, in violation of Section 4n(3)(A) of the Act, 7 U.S.C. §
19 6n(3)(A), and CFTC Regulations 1.31(a) and 4.23, 17 C.F.R. §§ 1.31(a) and 4.23.

20                                      **III.**
21                                  *Asset Freeze*
22 **IT IS HEREBY ORDERED THAT:**
23     9.    Defendants, except as otherwise ordered by this Court, are enjoined
24 from directly or indirectly:
25          A. Transferring, selling, alienating, liquidating, encumbering,
26             pledging, leasing, loaning, assigning, concealing, dissipating,
27             converting, withdrawing, or otherwise disposing of any assets,
28

wherever located, including assets held outside the United

States, except as otherwise ordered by the Court; or

B. Opening or causing to be opened any safe deposit boxes titled in

the name or subject to access by any of the Defendants.

## IV.

### *Accounting of Assets*

**IT IS HEREBY ORDERED THAT:**

10. Pending further Order of this Court that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendants, or has held, controlled, or maintained custody of any such account or asset of Defendants at any time since February 1, 2006 shall:

A. Prohibit Defendants and all other persons from withdrawing,

removing, assigning, transferring, pledging, encumbering,

disbursing, dissipating, converting, selling or otherwise

disposing of any such asset, except as directed by further order

of the Court;

B. Deny Defendants and all other persons access to any safe

deposit box that is: (1) titled in the name of any Defendant

either individually or jointly; or (2) otherwise subject to access

by any Defendant;

C. Provide the CFTC, unless already so provided, within five (5)

business days of receiving a copy of this Order, a statement

setting forth:

i. the identification number of each such account or asset

titled in the name, individually or jointly, of any of the

Defendants or held on behalf of, or for the benefit of, any

of the Defendants, or under the control of any of the
Defendants;

   ii.  the balance of each such account, or a description of the
nature and value of such asset as of the close of business
on the day on which this Order is served, and, if the
account or other asset has been closed or removed, the
date closed or removed, the total funds removed in order
to close the account, the name of the person or entity to
whom such account or other asset was remitted; and

   iii.  the identification of any safe deposit box that is either
titled in the name, individually or jointly, of any
Defendant, or is otherwise subject to access by any
Defendant.

D.  Upon request by the CFTC, promptly provide the CFTC with
copies of all records or other documentation pertaining to such
account or asset, including, but not limited to, originals or
copies of account applications, account statements, signature
cards, checks, drafts, deposit tickets, transfers to and from the
accounts, all other debit and credit instruments or slips, currency
transaction reports, 1099 forms, and safe deposit box logs; and

E.  Cooperate with all reasonable requests of the CFTC relating to
implementation of this Order, including producing records
related to Defendants' accounts.

## VI.

### *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED:**

11.    Defendants, and all persons or entities who receive notice of this
Order by personal service or otherwise, are enjoined from directly or indirectly

destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of any Defendant.

## VII.

### *Commission's Access to and Inspection of Documents*
**IT IS HEREBY ORDERED THAT:**

12. Representatives of the CFTC be immediately allowed to inspect the books, records, and other documents of Defendants and their agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of any of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated. Upon request of the CFTC, Defendants are ordered to deliver to the CFTC documents of any of the Defendants, including but not limited to all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), lists of customers, title documents, other papers, all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of any of the Defendants, including but not limited to, access to the Defendant's business premises, means of communication, accounts, computer systems, or other property and information identifying the accounts, employees, properties, or other assets or obligations of the Defendants.

## VIII.

### *Repatriation of Foreign-Held Assets and Production of Documents*
**IT IS HEREBY ORDERED THAT:**

13. Defendants shall transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are (1) titled in the name

1 | individually or jointly of any Defendant; or (2) held by a person or entity for the
2 | benefit of any Defendant; or (3) under Defendants' direct or indirect control,
3 | whether jointly or singly.

### IX.

### *Service of Order*

6 | **IT IS HEREBY ORDERED THAT:**

7 |     14.    Copies of this Order may be served by any means, including facsimile
8 | or email transmission, upon any financial institution or other entity or person that
9 | may have possession, custody, or control of any documents or assets of Defendants
10 | or that may be subject to any provision of this Order.

### X.

### *Expedited Discovery*

13 | **IT IS HEREBY ORDERED THAT:**

14 |     15.    The parties are granted leave, at any time after service of this Order, to
15 | take the deposition of and demand the production of documents from any person or
16 | entity for the purpose of discovering the nature, location, status, and extent of
17 | assets of Defendants, and the location of documents reflecting the business
18 | transactions of Defendants; forty-eight (48) hours notice shall be deemed sufficient
19 | for any such deposition and five (5) days notice shall be deemed sufficient for the
20 | production of any such documents.

### XI.

### *Depositions*

23 | **IT IS HEREBY ORDERED THAT:**

24 |     16.    The limitations and conditions set forth in Federal Rule of Civil
25 | Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not
26 | apply to depositions taken pursuant to this Order.  No depositions taken pursuant to
27 | paragraph X shall count toward the ten-deposition limit set forth in Federal Rule of
28 | Civil Procedure 30(a)(2)(A).

## XII.

### *Service on the Commission*

**IT IS HEREBY ORDERED THAT:**

17.    Defendants shall serve all notices and other such materials required by this Order, and other materials on the Commission by delivering a copy to W. Derek Shakabpa, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## XIII.

### *Force and Effect of Order*

**IT IS HEREBY ORDERED THAT:**

18.    This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED** this *17* day of *August* 2009.

_____

Hon. Otis D. Wright II
UNITED STATES DISTRICT COURT JUDGE

11