JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>        Plaintiff,<br><br>    vs.<br><br>Gordon A. Driver, Axcess Automation LLC, and Axcess Fund Management LLC,<br><br>        Defendants. | Case SA 09-CV-0578- ODW (RZx)<br><br>**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS GORDON A. DRIVER, AXCESS AUTOMATION LLC AND AXCESS FUND MANAGEMENT LLC**<br><br>*Hon. Otis D. Wright II* |

# I. INTRODUCTION

On May 14, 2009, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint against Defendants Gordon A. Driver ("Driver"), Axcess Automation LLC ("Axcess Automation") and Axcess Fund Management LLC ("Axcess Fund") (collectively "Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief for violations of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2008), and CFTC's Regulations, 17 C.F.R. §§ 1 *et seq.* (2012). A Statutory Restraining Order ("SRO") was issued on May 14, 2009, and on August 17, 2009, the Court issued an Order of Preliminary Injunction and Other Relief against Defendants ("PI Order").

On April 30, 2012, the CFTC filed an unopposed motion for summary judgment against all Defendants, and on July 5, 2012 the Court entered an Order Granting Plaintiff's Motion for Summary Judgment ("SJ Order"). In the SJ Order, the Court made findings of fact and conclusions of law and found that between at least February 2006 and May 2009 (the "Relevant Period"):

1. Defendants committed fraud and misappropriation of commodity pool funds in violation of Section 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. § 6b(a)(2)(i)-(iii), for acts prior to October June 18, 2008, and in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), for acts on or after June 18, 2008;

2. During the Relevant Period, Defendant Axcess Fund, a registered CPO, and Defendant Driver, an Associated Person of Axcess Fund, misrepresented or omitted material facts and misappropriated pool funds in violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C. § 6o(1)(A)-(B);

///

3. Defendants Driver and Axcess Automation acted as unregistered CPOs in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

4. Defendants Driver, Axcess Automation, and Axcess Fund, while acting as CPOs (regardless of registration status), commingled pool funds with the non-pool property in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c);

5. Defendant Axcess Fund, a registered CPO, failed to comply with a CFTC document request by failing to timely produce emails and subscription agreements in violation of Section 4n(3)(A) of the Act, 7 U.S.C. § 6n(3)(A), and Regulations 1.31(a) and 4.23, 17 C.F.R. §§ 1.31(a) and 4.23;

6. Defendant Driver is liable for Axcess Automation's and Axcess Fund's (the "Axcess Defendants") violations of the Act and Regulations as a controlling person pursuant to Section 13(b) of the Act, 7 U.S.C. 13c(b); and

7. The Axcess Defendants are liable for Driver's violations of the Act and Regulations, as Driver was an official or employee of the Axcess Defendants and acted within the course and scope of his employment or office pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2.

## II.   PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

   a. in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, (A) cheating or defrauding or attempting to cheat or defraud other persons, (B) willfully making or causing to be made to other persons any false report or statement or willfully entering or causing

to be entered for other persons any false report, or (C) willfully deceiving or attempting to deceive other persons by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, by (i) falsely claiming profitable trading returns, (ii) falsely claiming a successful trading track record, (iii) sending false reports or statements that fail to disclose the actual trading results, and (iv) misappropriating pool funds for personal or business expenses, including investor redemptions based on non-existent profits in a manner known as a Ponzi scheme, in violation of Section 4b(a)(1)(A)-(C) of the Act as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 16, 2010);

b. while acting as a CPO, as that term is defined in Section 1a(5) of the Act, 7 U.S.C. § 1a(5), or an Associated Person of a CPO, as that term is defined in Regulation 1.3(aa), 17 C.F.R. § 1.3(aa), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, (A) employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant, or (B) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant, by (i) falsely claiming profitable trading returns, (ii) falsely claiming a successful trading track record, (iii) sending false reports or account statements that fail to disclose the actual trading results, and (iv) misappropriating pool funds for personal or other expenses, including Ponzi payments based on non-

existent profits, in violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C. § 6o(1)(A)-(B);

c. while acting as a CPO, as that term is defined in Section 1a(5) of the Act, 7 U.S.C. § 1a(5), and making use of the mails or any means of instrumentality of interstate commerce in connection with the business as such CPO, failing to register as a CPO in violation Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

d. while acting as a CPO, as that term is defined in 7 U.S.C. § 1a(5), of a pool that Defendants operate, commingling pool funds with non-pool property in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c); and

e. while registered as a CPO, failing to produce, in a timely manner, documents to the Commission upon request in violation of Section 4n(3)(A) of the Act, 7 U.S.C. § 6n(3)(A), and Regulations 1.31(a) and 4.23, 17 C.F.R. §§ 1.31(a) and 4.23.

2. Defendants are also permanently restrained, enjoined, and prohibited from engaging, directly or indirectly, in:

a. trading on or subject to the rules of any registered entity, as that term is defined by Section 1a(29) of the Act, as amended, 7 U.S.C. § 1a(29);

b. entering into any transactions involving commodity futures, options on commodity futures, or commodity options (as that term is defined by Regulation 1.3(hh), 17 C.F.R. § 1.3 (2012) ("commodity options")), security futures products, and/or foreign currency (as described in Section 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) ("forex contracts")) for their own accounts or for any accounts in which they have a direct or indirect interest;

    c. having any commodity futures, options on commodity futures, or commodity options, security futures products, and/or forex contracts traded on their behalf;

    d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

    e. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

    f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012), including but not limited to selling futures trading software or programs while directing client accounts or providing commodities trading advice based on, or tailored to, the commodity interest or cash market positions or other circumstances or characteristics of particular clients; and/or

    g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other official or employee of any person (as that term is defined in Section 1a(28) of the Act, as amended, 7 U.S.C. § 1a(28)) registered, exempted from registration or required to be registered with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

## III. RESTITUTION AND CIVIL MONETARY PENALTY

### A. Restitution

1. Defendants shall pay restitution, jointly and severally, in the amount of nine million, five hundred sixty-two thousand, four hundred eighty-eight dollars ($9,562,488) (the "Restitution Obligation"), plus post-judgment interest, within ten (10) days of the date of this Final Judgment. Post-judgment interest shall be calculated by using the Treasury Bill rate prevailing on the date of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

2. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' pool participants, the Court hereby appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of the Court in performing these services, the NFA shall not be liable for any action or inaction arising from the NFA's appointment as Monitor, other than actions involving fraud.

3. Defendants shall make Restitution Obligation payments under this Final Judgment to the Monitor in the name of **"Driver-Axcess Restitution Fund"** and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of the Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, IL 60606 under a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

4. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' pool participants identified by the Commission or may

defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature, such that the Monitor determines that the administrative cost of making a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary payments, which the Monitor shall forward to the Commission following the instructions for civil monetary payments set forth in Part B below.

     5. Defendants shall cooperate with the Monitor as appropriate to provide such information as the NFA deems necessary and appropriate to identify Defendants' pool participants to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

     6. Within thirty (30) days of receiving this Final Judgment, any financial institution, including any Futures Commission Merchant ("FCM"), holding funds in the name of Gordon A. Driver, Axcess Automation LLC, or Axcess Fund Management LLC is specifically directed to liquidate and release all funds, whether the funds are held in a single or joint account, or any other capacity, and to convey by wire transfer to an account designated by the Monitor, all funds in these accounts, less any amounts required to cover the financial institutions' outstanding administrative or wire transfer fees. At no time during the liquidation, release, and/or wire transfer of these funds pursuant to this Final Judgment shall Defendants be afforded any access to, or be provided with, any funds from these accounts. Defendants and all banks and financial institutions subject to this Final Judgment shall cooperate fully and expeditiously with the CFTC and the Monitor in the liquidation, release, and wire transfer of these funds.

1       7. The Monitor shall provide the CFTC at the beginning of each calendar
2 year with a report detailing the disbursement of funds to Defendants' pool
3 participants during the previous year. The Monitor shall transmit this report under
4 a cover letter that identifies the name and case number of this proceeding to the
5 Chief Financial Officer, Commodity Futures Trading Commission, Three
6 Lafayette Square, 1155 21st Street, NW, Washington, DC 20581 and copies to the
7 Regional Counsel, Commodity Futures Trading Commission, 140 Broadway, 19th
8 Floor, New York, NY 10005.

9       8. The amounts payable to each pool participant shall not limit the ability of
10 any pool participant from proving that a greater amount is owed from Defendants
11 or any other person or entity, and nothing herein shall be construed in any way to
12 limit or abridge the rights of any pool participant that exist under state or common
13 law.

14       9. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each pool
15 participant of Defendants who suffered a loss is explicitly made an intended third-
16 party beneficiary of this Final Judgment and may seek to enforce obedience of this
17 Final Judgment against Defendants to obtain satisfaction of any portion of the
18 restitution that has not been paid by Defendants, to ensure continued compliance
19 with any provision of this Final Judgment and to hold Defendants in contempt for
20 any violation of any provision of this Final Judgment.

21       10. To the extent that any funds accrue to the U.S. Treasury for satisfaction
22 of Defendants' Restitution Obligation, such funds shall be transferred to the
23 Monitor for disbursement in accordance with the procedures set forth above.

24       **B.**    **Civil Monetary Penalty**

25       1. Defendants shall pay a civil monetary penalty, jointly and severally, of
26 thirty-one million, eight hundred thousand dollars ($31,800,000), plus post-
27 judgment interest within ten (10) days of the date of entry of this Final Judgment
28 (the "CMP Obligation"). Post-judgment interest shall accrue on the CMP

Obligation beginning on the date of entry of this Final Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

2. Defendants shall pay this CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivable – AMZ 340
> E-mail Box: 9-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd
> Oklahoma, OK 73169
> Telephone: (405) 954-5644

If payment by electronic transfer is chosen, Defendants shall contact Linda Zurhorst at the address above or her successor for instructions and shall fully comply with those instructions. The paying Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Defendant and the name and case number of this proceeding. The paying Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington DC 20581.

### C. Provisions Related to Monetary Sanctions

1. <u>Partial Satisfaction</u>: Any acceptance by the Commission or the Monitor of partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of Defendants' obligation to make further payments

pursuant to this Final Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

## IV. MISCELLANEOUS PROVISIONS

1. <u>Notice</u>: All notices required to be given by any provision in this Final Judgment shall be sent certified mail, return receipt requested, or by facsimile as follows:

>Notice to the Commission:
>>Regional Counsel/Associate Director
>>Commodity Futures Trading Commission
>>Division of Enforcement
>>140 Broadway, 19th Floor
>>New York, NY 10005
>>Facsimile: (646) 746-9940

>Notice to Defendants:
>>Gordon A. Driver
>>Axcess Automation LLC
>>Axcess Fund Management LLC
>>2505 Anthem Village Drive E400
>>Henderson, NV 89052
>>Facsimile: (801) 849-5870

All such notices to the Commission shall reference the name and case number of this action.

2. <u>Change of Address/Telephone</u>: Until such time as Defendants satisfy the Restitution Obligation and CMP Obligation as set forth in this Final Judgment, Defendants shall provide written notice of their new telephone numbers and mailing addresses within ten (10) calendar days of the change.

3. <u>Invalidation</u>: If any provision of this Final Judgment or if the application of any provision or circumstance is held invalid, the remainder of this Final Judgment and the application of the provisions to any other person or circumstances shall not be affected by the holding.

4. <u>Waiver</u>: The failure of any party to this Final Judgment or any pool participant at any time or times to require performance of any provision hereof

shall in no manner affect the right of such party or pool participant at a later time to enforce the same or any other provision of this Final Judgment.  No waiver in one or more instances of the breach of any provision contained in this Final Judgment shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Final Judgment.

5. <u>Continuing Jurisdiction of this Court</u>:  This Court shall retain jurisdiction of this cause to assure compliance with this Final Judgment and for all other purposes related to this action, including any motion by Defendants to modify, or for relief, from the terms of this Final Judgment.

6. <u>Injunctive and Equitable Relief Provision</u>:  The injunctive and equitable relief provisions of this Final Judgment shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Final Judgment, by personal service, e-mail, facsimile or otherwise insofar as he or she is in active concert or participation with Defendants.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment and Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief.

**IT IS SO ORDERED** this 12th day of July, 2012.

_____
Hon. Otis D. Wright II
UNITED STATES DISTRICT COURT JUDGE