UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>       Plaintiff - Appellee,<br><br> v.<br><br>GORDON DRIVER,<br><br>       Defendant - Appellant,<br><br> and<br><br>AXCESS AUTOMATION, LLC and AXCESS FUND MANAGEMENT, LLC,<br><br>       Defendants. | No. 12-56521<br><br>D.C. No. 8:09-cv-00578-ODW-RZ<br>U.S. District Court for Central California, Santa Ana<br><br>**MANDATE**<br><br> |

The judgment of this Court, entered October 07, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                FOR THE COURT:
                                Molly C. Dwyer
                                Clerk of Court

                                Synitha Walker
                                Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff - Appellee,<br><br> v.<br><br>GORDON DRIVER,<br><br>        Defendant - Appellant,<br><br> And<br><br>AXCESS AUTOMATION, LLC;<br>AXCESS FUND MANAGEMENT, LLC,<br><br>        Defendants. | No. 12-56521<br><br>D.C. No. 8:09-cv-00578-ODW-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 23, 2014[**]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Gordon Driver appeals pro se from the district court's judgment in an action filed by the Commodity Futures Trading Commission ("CFTC") for violations of the Commodity Exchange Act and related regulations arising out of an alleged Ponzi scheme. We have jurisdiction under 28 U.S.C. § 1291. We review for plain error a district court's failure to recuse itself sua sponte pursuant to 28 U.S.C. § 455. *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010). We affirm.

The district court did not commit plain error by failing to recuse itself sua sponte from hearing Driver's requests to release previously frozen assets and the CFTC's motion for summary judgment. *See id.* (setting forth plain error standard of review when a party does not seek recusal before the trial court). The isolated comments by the district court upon which Driver relies to support his arguments do not establish the bias or partiality warranting recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of . . . [proceedings] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); *see also Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (in analyzing § 455(a) motions, this court "employ[s] an objective test: whether a reasonable person with knowledge of all the facts would

conclude the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).  Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

To the extent that Driver seeks to challenge the underlying grant of summary judgment, we do not consider these arguments because they were not distinctly raised or argued in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.